UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEREK FINGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:09-cv-396-WTL-TAB |
| ) | |
| COUNSELOR DAVID THOMSON, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's motion to proceed *in forma pauperis* (dkt 2) is **granted.** No assessment of an initial partial filing fee is feasible at this time.

**II.**

Because the complaint in this action lacks sufficient factual content to allow the court to draw the reasonable inference that the defendants are or could be liable for the misconduct alleged, *Bissessur v. The Trustees of Indiana University,* 581 F.3d 599 (7th Cir. 2009)(citing *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009), and *Bell Atlantic Corp.*)), the action must be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). The court reaches this conclusion based on the following circumstances:

• The plaintiff's action is brought pursuant to 42 U.S.C. § 1983.

• A viable claim under § 1983 requires the assertion of the violation of a federal right, *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981).

• To prevail on an Eighth Amendment claim based on inadequate conditions the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions, *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

- The conditions of the plaintiff's confinement between April 11, 2009, and August 11, 2009, do not approach such seriousness.

- The asserted mishandling of the plaintiff's grievance does not implicate a federally secured right. *George v. Smith,* 507 F.3d 605, 609-10 (7th Cir. 2007).

The first inquiry in every § 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992).

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/28/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana